IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIK GRACIA,

                Petitioner,                OPINION AND ORDER

  v.

                                         15-cv-491-bbc

GARY BOUGHTON, Warden,
Wisconsin Secure Program Facility,

                Respondent.

---

      Erik Gracia, an inmate at the Wisconsin Secure Program Facility, is serving a life sentence after being convicted in September 2000 of murdering his wife. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is in custody in violation of the laws or Constitution of the United States. Petitioner asserts the following grounds for relief: 1) he has been denied his right to appeal, in violation of the Fourteenth Amendment; 2) his right to appeal and ability to file a collateral attack on his conviction are being denied as a result of ineffective state process; 3) the state violated his right to due process when it referred at trial to evidence that had been ruled inadmissible; 4) the state violated his right to due process by knowingly presenting coerced and tainted eyewitness testimony at trial; 5) the state violated his right to due process at trial when it used privileged statements that petitioner had made to a health care provider; and 6) the trial court violated his right to due process by providing a jury instruction that lowered the state's burden of proof. He has paid the $5 fee, so his petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner did not file this petition until approximately 15 years after he was convicted, so the initial question is whether the petition is timely under the Antiterrorism and Effective Death Penalty Act of 1996, which established a one year statute of limitations for all habeas proceedings running from certain specified dates. 28 U.S.C. § 2244. The one year limitation period begins to run from the latest of: 1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which any state impediment to filing the petition was removed; 3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or 4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. § 2244(d)(1)(A)-(D). The statute also provides that the time during which a properly filed application for state post conviction or other collateral review is pending is not counted toward any period of limitation. § 2244(d)(2).

According to the petition, petitioner was sentenced on September 28, 2000, after which he pursued a direct appeal of his conviction. The Wisconsin Court of Appeals issued a decision rejecting his arguments and affirming the judgment of conviction on November 5, 2002. State v. Gracia, No. 01-3395-CR, 259 Wis. 2d 481 (Wis. Ct. App. Nov. 5, 2002) (unpublished disposition). On January 21, 2003, the Wisconsin Supreme Court denied his petition for review. He then had 90 days, or until April 21, 2003, in which to petition the United States Supreme Court to hear his case. He did not file such a petition, so his

conviction became final on April 21, 2003. (The time during which a petitioner can petition the United States Supreme Court for a writ of certiorari is included as "time for seeking such review" under § 2244(d)(1)(A) even if he does not file such a petition. Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002).) His one-year clock for filing a federal habeas petition began running the next day, April 22, 2003.

According to petitioner's brief in support of his petition, he then pursued a collateral attack under Wis. Stat. § 974.06. Br. in Supp., dkt. 2, at 1. Although petitioner does not provide the date on which he filed this collateral attack, the docket sheet from petitioner's criminal case in Brown County shows that he filed a motion under Wis. Stat. § 974.06 on January 14, 2004, which tolled the federal statute of limitations. At that time, 267 days had run on his federal habeas clock. The circuit court denied the motion eight days later, on January 22, 2004. State v. Gracia, Brown County Case Number 1999CF1041, Court Record Events, available at http://wcca.wicourts.gov (last visited September 2, 2015). It does not appear that petitioner appealed this decision. Accordingly, petitioner's habeas clock started running again on January 23, 2004. It expired 98 days later, or April 30, 2004.

Petitioner did not file his habeas petition until August 10, 2015, so it is plainly untimely under § 2244(d)(1)(A). However, petitioner suggests that his one-year clock has not even started to run because his direct appeal is "void" for lack of jurisdiction because two of the transcripts in his case were not certified by the court reporter as required by Wis. Stat. § 757.27(2), a fact he says he did not discover until 2015. Even assuming this claim is timely under § 2244(d)(1)(D), there is no merit to it. The reason for requiring a transcript

3

to be "certified" is to ensure that it represents an accurate recording of the proceedings. I do not understand petitioner to be contending that the transcripts were inaccurate or incomplete, only that there was nothing on them indicating that they were certified. Petitioner cites no case supporting his contention that the lack of certification is a fundamental defect that deprived the appellate court of jurisdiction or deprived him of a meaningful right to appeal as guaranteed by the United States Constitution. In fact, the Supreme Court has held that even the lack of a verbatim transcript does not amount to denial of the right to appeal, provided a suitable alternative to the transcript is available. Mayer v. Chicago, 404 U.S. 189, 194 (1971); Draper v. Washington, 372 U.S. 487, 495 (1963). See also State v. Perry, 136 Wis. 2d 92, 107, 401 N.W. 2d 748 (1987) ("[A] complete transcript is not always a necessity for a meaningful appeal" if record can be reconstructed). If that is the case, then surely the mere lack of certification by the court reporter did not deprive the appellate court of jurisdiction or interfere with the petitioner's right to appeal.

Moreover, it is up to the states, not this court, to determine the procedural requirements that must be satisfied in order to confer state court appellate jurisdiction. According to petitioner, he told the state court of appeals and supreme court about the uncertified transcripts, but they refused to grant him a new appeal. Unfortunately for petitioner, that is the end of it. This court lacks the authority to review state court decisions about state court procedures absent a showing that those procedures deprived petitioner of his federal constitutional rights. Petitioner has not made this showing. Accordingly, this

4

court has no basis to order the state courts to grant him a new appeal, much less order his release, as he requests in his petition. Grounds one and two of the petition are without merit.

There being no valid basis for petitioner's contention that he was deprived of his constitutional right to a direct appeal or impeded from exhausting his state court remedies, the remaining claims in the petition are plainly untimely. (Although the Seventh Circuit has not decided whether § 2244(d)(1) establishes a single statute of limitations that applies to the petition as a whole or whether each claim must be evaluated for timeliness on a claim-by-claim basis, every other circuit to address the issue has held that § 2244(d)(1) applies on a claim-by-claim basis, reasoning that most statutes of limitations work in that manner; if they did not, a late accruing claim would allow older untimely claims to be heard. Zack v. Tucker, 704 F.3d 917 (11th Cir. 2013); Prendergast v. Clements, 699 F.3d 1182 (10th Cir. 2012); Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012); Backman v. Bagley, 487 F.3d 979 (6th Cir. 2007); Fielder v. Varner, 379 F.3d 113, 118 (3rd Cir. 2004). See also Pace v. DiGuglielmo, 544 U.S. 408, 416 n. 16 (2005) (suggesting that timeliness under section 2244(d)(1)(D) is determined separately for each claim). There is no reason to believe that the Court of Appeals for the Seventh Circuit would resolve the question differently.) Petitioner has been aware of the factual predicate of those claims since his trial. Because he did not present those claims in a federal habeas application within one year after his conviction became final, they are time-barred under § 2244(d)(1)(A).

5

CERTIFICATE OF APPEALABILITY

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.  A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603–04 (2000) (internal quotation marks omitted).  If a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id., 529 U.S. at 484, 120 S.Ct. at 1604.  If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  Each showing is a threshold inquiry; thus, the court need address only one component if that particular showing will resolve the issue. Id. at 485.

This petition should not proceed further.  No reasonable jurist would disagree that

the mere lack of certification of two transcripts did not result in a denial of petitioner's right to appeal or otherwise interfere with his ability to pursue state court remedies with respect to his conviction. As explained above, at most, the lack of certification was a technical defect that fails to amount to the denial of a constitutional right. Further, there being no basis for this court to order the state to grant petitioner a new appeal, it follows that no reasonable jurist could disagree that the remaining four claims in the petition, which have been known to petitioner since his trial, are time barred under 28 U.S.C. § 2244(d)(1)(A). Therefore, he is not entitled to a certificate of appealability.

ORDER

Because it plainly appears from the petition that petitioner cannot obtain habeas relief on his claims, either because they are without merit or untimely, the petition is DISMISSED WITH PREJUDICE under Rule 4 of the Rules Governing Section 2254 Cases. No certificate of appealability shall issue.

Entered this 9th day of September, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge