IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIK GRACIA,

                                                                                       ORDER

                Petitioner,

                                                                                 15-cv-491-bbc

     v.

GARY BOUGHTON,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On September 9, 2015, I dismissed Erik Gracia's petition for a writ of habeas corpus under 28 U.S.C. § 2254 and determined that he was not entitled to a certificate of appealability. Judgment was entered September 9, 2015. Now before the court is petitioner's notice of appeal. Because petitioner has not paid the $505 filing fee for his appeal, I will construe his notice of appeal as a request to proceed in forma pauperis on appeal. The request will be denied because I must certify that petitioner's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

       To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). I cannot certify that petitioner's appeal is taken in good faith. I denied his petition as being without merit and as untimely. Having reviewed the order, I am convinced that reasonable jurists would not debate the conclusion I reached.

I am certifying petitioner's appeal as not having been taken in good faith, so he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, petitioner has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of his request for leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Petitioner should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

If petitioner does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require petitioner to pay the entire $505 filing fee before it considers his appeal. If petitioner does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

Petitioner has also filed an objection that I did not issue a certificate of appealability in the September 9 order. (Dkt. #7). A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000); see also 28 U.S.C. § 2253(c)(2). Because nothing in petitioner's objection convinces me that I erred by not issuing a certificate of appealability, no certificate will issue. Under Fed. R. App. 22(b), petitioner may request a circuit judge to issue the certificate.

ORDER

IT IS ORDERED that petitioner Erik Gracia's motion for leave to proceed in forma pauperis on appeal is DENIED because I am certifying that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5). The clerk of court is requested to insure that petitioner's obligation to pay the $505 filing fee for the appeal is reflected in this court's financial records.

Entered this 25th day of September, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge